IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISTAN BAKER, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-21-797-D |
| INDEPENDENT SCHOOL DISTRICT NO. 51 OF GRADY COUNTY, OKLAHOMA, a/k/a NINNEKAH PUBLIC SCHOOLS, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Defendant David Pitts' Rule 12(f) Motion to Strike Plaintiffs' Fifth Cause of Action in Plaintiffs' Second Amended Complaint [Doc. No. 69]. The School District Defendants have filed a Motion to Adopt and Incorporate by Reference Defendant David Pitts' Rule 12(f) Motion to Strike Plaintiffs' Fifth Cause of Action in Plaintiffs' Second Amended Complaint [Doc. No. 70].

On August 10, 2023, the Court entered an order [Doc. No. 63] allowing Plaintiffs to temporarily proceed under pseudonyms until the conclusion of Ronald G. Atkins' criminal trial. On November 27, 2023, all parties filed their Fourth Joint Motion to Extend Scheduling Order Deadlines [Doc. No. 66], in which the parties stated that "Plaintiffs are requesting the Court grant them leave to amend their Complaint by a date certain, in order to allow the Plaintiffs time to substitute the real parties in interest as Plaintiffs in this case." On November 29, 2023, the Court granted the parties' joint motion and entered a new scheduling order [Doc. No. 67]. The scheduling order provided that Plaintiffs had until

January 5, 2024 to file a motion to amend their pleading. *Id.* On January 5, 2024, instead of filing a motion for leave to amend their pleading, Plaintiffs filed their Second Amended Complaint [Doc. No. 68], which included a new cause of action against Defendants Ninnekah Public Schools, Bunch, Yackeyonney, Pitts, Shoemake, and Garrett. The new cause of action, intentional infliction of emotional distress, had never been alleged by Plaintiffs, and Plaintiffs never sought leave to amend their pleading to include a new cause of action.

In each motion, Defendants take issue with Plaintiffs inserting an entirely new cause of action without obtaining Defendants' consent or leave of Court. On February 9, 2024, Plaintiffs filed a Notice to the Court [Doc. No. 73], in which they state that their "Fifth Cause of Action (Intentional Infliction of Emotional Distress) in Plaintiffs' Second Amended Complaint [Doc. No. 68, ¶¶'s 119 to 124] is to be stricken." *Id.* at 2.

Based on the record, and the representations included in Plaintiffs' Notice to the Court, the motions [Doc. Nos. 69, 70] are **GRANTED**. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect.").

**IT IS THEREFORE ORDERED** that Plaintiffs' Fifth Cause of Action in the Second Amended Complaint [Doc. No. 68]—Intentional Infliction of Emotional Distress—is **STRICKEN**.

**IT IS SO ORDERED** this 22nd day of February, 2024.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge