IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISTAN BAKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-21-797-D |
| | ) |
| INDEPENDENT SCHOOL DISTRICT | ) |
| NO. 51 OF GRADY COUNTY, OKLAHOMA, | ) |
| a/k/a NINNEKAH PUBLIC SCHOOLS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT AND ORDER APPROVING SETTLEMENT

This matter comes before the Court on the parties' Amended Joint Application for Entry of Judgment and Approval of Settlement ("Amended Joint Application") [Doc. No. 103]. Having reviewed the Amended Joint Application (and accompanying exhibits), having been provided evidence concerning the Defendant School District's financial status in the form of an affidavit from the Defendant School District's Treasurer as required by Okla. Stat. tit. 62, § 362, and having been provided affidavits from each Plaintiff and/or parent/guardian/next friend of the minor Plaintiffs attesting to their approval of the terms set forth herein, it is hereby **ORDERED** that:

1.  Plaintiffs are **GRANTED** judgment against Defendant Independent School District No. 51 of Grady County, Oklahoma (a/k/a Ninnekah Public Schools), in the amount of Seven Million, Five Hundred Thousand Dollars ($7,500,000.00). Such sum shall be paid as follows:

    a. The School District, or another entity on its behalf, shall make payment in the amount of $1,500,000.00 to Nix Patterson, LLP no later than thirty (30) days following entry of this Judgment by the Court. The School District shall pay $6,000,000.00 out of its sinking fund over 3 years, as provided by Oklahoma law, with interest at the statutory rate provided by Okla. Stat. tit. 12, § 727.1;

2. Each party will bear its own respective attorney fees and costs;

3. This Judgment shall bear post-judgment interest at the statutory rate provided by Okla. Stat. tit. 12, § 727.1;

4. This Judgment is entered in favor of Plaintiffs and against the Defendant School District for personal injury damages on account of personal physical injuries within the meaning of Section 104(a)(2) of the IRS Code of 1986, as amended. This Judgment is entered in full resolution of all claims in this action as between Plaintiffs and the School District, including any claims for fees and/or costs by or against any party to this action.

5. The Judgment proceeds shall be distributed among each Plaintiff as agreed to by each Plaintiff and as set forth in Plaintiffs' affidavits referenced herein;

6. This Judgment may be assigned by Plaintiffs as described in the Joint Application; and

7.  The Court hereby expressly finds that the terms of this consent Judgment are fair, reasonable, and serve the best interests of the minor Plaintiffs.[1] The Court further finds that Plaintiffs' arrangements for the payment of attorney fees and reimbursement of litigation expenses are fair and reasonable. The Court further finds that the amount of attorney fees to be paid to Plaintiffs' counsel is fair and reasonable. Plaintiffs' counsel has adequately and competently represented Plaintiffs, and the result they have obtained given the circumstances is commendable. The Court further finds that the expenses Plaintiffs' counsel incurred in prosecuting this case were reasonable and necessary, and that the amount of expenses to be reimbursed to Plaintiffs' counsel is fair and reasonable.

This Court shall retain jurisdiction to enforce the terms of this Judgment.

**IT IS SO ORDERED** this 18th day of September, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court has a "general duty . . . to protect the interest of infants and incompetents in cases before [it]." *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989). When approving a settlement or other agreed judgment entered into by a guardian or other representative on behalf of a minor, "the [C]ourt must conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Garrick*, 888 F.2d at 693 (citing *Dacanay* with approval). The Court finds that the affidavits submitted by the parties (and filed under seal at Doc. No. 104) provide the Court with sufficient information and reassurances for it to complete its task in determining that the settlement proposed in this case serves the minors' best interests.